**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM E. DUGAN, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION |
| HILDEBRANDT PAVING, LTD., | ) | |
| an Illinois corporation, | ) | NO.  08 C 2070 |
| | ) | |
| Defendant, | ) | JUDGE SAMUEL DER-YEGHIAYAN |
| | ) | |
| and | ) | |
| | ) | |
| NORWOOD ROSELLE, LLC, | ) | |
| | ) | |
| Garnishee Defendant. | ) | |

**MOTION FOR TURN-OVER ORDER
AGAINST GARNISHEE DEFENDANT**

NOW COME Plaintiffs, by their attorneys, and move for the entry of a turn-over order against NORWOOD ROSELLE, LLC, Garnishee Defendant, in the amount of $15,404.20.  In support of this Motion, Plaintiffs state as follows:

1.     On June 24, 2008, judgment was entered by the Honorable Samuel Der-Yeghiayan in favor of Plaintiffs and against Defendant in the amount of $111,125.65.

2.     On August 14, 2008, Plaintiffs caused a non-wage garnishment summons and interrogatories to be served on the Garnishee Defendant (a copy of the Garnishment Summons and Affidavit of Service is attached hereto as Exhibit A).

3.      On August 18, 2008, Garnishee Defendant, Norwood Roselle, LLC, answered Plaintiffs' Interrogatories indicating that it was in possession of $15,404.20, which was then due and owing to Defendant (a copy of the Interrogatories to Garnishee is attached hereto as Exhibit B).

4.      There remains $111,125.65 due and owing on the judgment entered on June 24, 2008.

WHEREFORE, Plaintiffs pray that a turn-over order in the amount of $15,404.20 be entered against Garnishee Defendant, NORWOOD ROSELLE, LLC.


/s/   Cecilia M. Scanlon                             



Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\MOEJ\Hildebrandt Paving\2008\motion-too.cms.df.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion for Turn-Over Order) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participants on or before the hour of 5:00 p.m. this 28th day of August 2008:

Mr. Stephen S. Messutta, Registered Agent
Norwood Roselle, LLC
250 S. Northwest Highway, Suite 300
Park Ridge, IL   60068

Hildebrandt Paving, Ltd.
45W860 Plank Road
Hampshire, IL   60140


/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\MOEJ\Hildebrandt Paving\2008\motion-too.cms.df.wpd

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARNISHMENT NOTICE ON REVERSE SIDE

WILLIAM E. DUGAN, et al.,                )
                                         )
                                         )
                    Plaintiffs,          )
                                         )
          vs.                            )        CIVIL ACTION
HILDEBRANDT PAVING, LTD.,                )
an Illinois corporation,                 )        NO.  08 C 2070
                                         )
                    Defendant,           )        JUDGE  SAMUEL DER-YEGHIAYAN
                                         )
          and                            )
NORWOOD ROSELLE, LLC,                    )
c/o Stephen S. Messutta,Registered Agent )
250 S. Northwest Highway, Suite 300      )
Park Ridge, IL  60068   Garnishee        )
                        Defendant.       )

## GARNISHMENT SUMMONS (NON-WAGE)

To the Garnishee:

    YOU ARE SUMMONED and required to file answers to the judgment creditor's interrogatories, in the office of the Clerk of this Court located in U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, on or before** _____ September 5 _____, 2008 . However, if this summons is served on you less than 10 days before that date, you must file answers to the interrogatories on or before 14 days after that date. **IF YOU FAIL TO DO SO, A CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.**

To the Officer:

    This summons must be returned by the officer or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than the above date.

                                         _____ MICHAEL W. DOBBINS _____
                                              Clerk of the Court

       AUG 0 8 2008                      J. Cervantes
Date: _____               _____
                                              Deputy Clerk

                              (Seal of Court)

**NOTE:** This summons is issued pursuant to Rule 69A of the Federal Rules of Civil Procedure.

** 21-30 days after date of issuance of this summons.

**(IMPORTANT NOTICE TO DEFENDANT ON REVERSE SIDE)**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**GARNISHMENT NOTICE**

WILLIAM E. DUGAN, et al.
_____
Judgment Creditor

v.

HILDEBRANDT PAVING, LTD.
_____
Judgment Debtor

NORWOOD ROSELLE, LLC
_____
Garnishee

CIVIL ACTION

NO.: 08 C 2070

JUDGE: SAMUEL DER-YEGHIAYAN

Summons Return Date: September 5, 2008

Judgment Debtor

Name: Hildebrandt Paving, Ltd.
Address: 45W860 Plank Road
City: Hampshire, IL 60140
Telephone:_____

Judgment Creditor/Creditor's Attorney

Name: Cecilia M. Scanlon
Address: 200 W. Adams St. Ste. 2200
City: Chicago, IL 60606-5231
Telephone: (312) 236-4316

Judgment in the amount of $ 111,125.65 _____.

**NOTICE**

The court has issued a garnishment summons against the garnishee named above for money or property (other than wages) belonging to the judgment debtor or in which the judgment debtor has an interest. The garnishment summons was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.

The amount of money or property (other than wages) that may be garnished is limited by federal and Illinois law. The judgment debtor has the right to assert statutory exemptions against certain money or property of the judgment debtor which may not be used to satisfy the judgment in the amount stated above.

Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; workers' compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books or tools of the trade of the debtor.

The judgment debtor may have other possible exemptions from garnishment under the law.

The judgment debtor has the right to request a hearing before the court to dispute the garnishment or to declare exempt from garnishment certain money or property or both. To obtain a hearing in counties with a population of 1,000,000 or more, the judgment debtor must notify the Clerk of the Court in person and in writing at 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, before the return date specified above or appear in court on the date and time on that return date. To obtain a hearing in counties with a population of less than 1,000,000, the judgment debtor must notify the Clerk of the Court in writing at 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, on or before the return date specified above. The Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the garnishee regarding the time and location of the hearing. This notice may be sent by regular first class mail.

**MICHAEL W. DOBBINS, CLERK, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS**

**State of Illinois**

**General No.: 08C2070**

**County of USDC CHICAGO**

### AFFIDAVIT OF SERVICE

ERIC MOSKAL deposes and says that he/she is a licensed or registered employee of a Private Detective Agency, licensed by the Illinois Department of Professional Regulation and therefore authorized, pursuant to the provisions of Chapter 735, Code of Civil Procedure Section 5/2-202, Illinois Compiled Statutes, to serve process in the above cause, and that the defendant was served in the following manner:

On 8/14/2008 at 12:15:00 PM by leaving a true and correct copy of the attached GARNISHMENT SUMMONS (NON-WAGE) with Norwood Roselle, LLC c/o Stephen S. Messutta as shown below:

Served the wihin named Norwood Roselle, LLC c/o Stephen S. Messutta by delivering a true and correct copy of the GARNISHMENT SUMMONS (NON-WAGE), to Stephen S. Messutta  a person authorized to accept service of process as agent.

Said service was effected at 250 S. Northwest Highway, Ste. 300, Park Ridge, IL  60068

Description of Person Served Sex:      Height:     Weight:     Race:     Age:

M     5 8     160     W     50.sh

Additional or Other Information:

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to such matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

8-15-08

Dated

Eric Moskal
117-000192

# EXHIBIT B

ORIGINAL

**FILED**

WILLIAM E. DUGAN, et al.,

     Plaintiffs,

vs.

HILDEBRANDT PAVING, LTD.,
an Illinois corporation,

     Defendant,

    and

NORWOOD ROSELLE, LLC,
c/o Stephen S. Messutta, Registered Agent
250 S. Northwest Highway, Suite 300
Park Ridge, IL 60068

     Garnishee
     Defendant.

CIVIL ACTION

NO. 08 C 2070

JUDGE SAMUEL DER-YEGHIAYAN

AUG 1 8 2008
AUG 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NF.

## INTERROGATORIES TO GARNISHEE

1. When you were served with summons, did you have in your possession, custody or control any property belonging to the judgment debtor or in which he or she had an interest?

ANSWER: ___Yes___
   (Yes or No)

2. If your answer is yes, describe the property:

$10,718.28 in construction loan proceeds held in Chicago Title Construction Escrow

1409-26076406-001; an additional $4,685.92 can be drawn down under the loan as well,

once an appropriate turnover order is entered.

3. When you were served with the summons, were you otherwise indebted to him or her, no matter when payable?

ANSWER: ___Yes___
   (Yes or No)

4. If your answer is yes, state:

 Description: ___Balanc on construction contract incl. retention___

 Amount: ___$10,718.28 + $4,685.92 retention = $15,404.20___

 Date Due: ___N/A___

5. A copy of the answer to these interrogatories must be filed with the Clerk of Court. In addition, a copy should be sent to the attorney whose name appears on the reverse side hereof.

6. I certify that a copy of this answer has been mailed or delivered to the judgment debtor.

**AFFIDAVIT**

Stephen S. Messutta, General Counsel for Norwood / Roselle LLC on oath states that the answers to the interrogatories are true.